LEONA DUDLEY AND LAWRENCE BROWN
*vs.*
MAUDE H. VARNEY, ELEANOR R. VARNEY, AND ROBERT D. VARNEY

Cumberland. Opinion, October 8, 1956.

*Wheeler, Tansey & Campbell,*
*Childs & McKinley,* for plaintiffs.

*John E. Hanscomb,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MURRAY, A. R. J. CLARKE, J., did not sit.

BELIVEAU, J. On exceptions. This is a writ of entry brought by the plaintiffs to establish title in them to the real estate described in the writ.

The declaration consists of two counts. The first count alleges title in the plaintiffs and the second is for damages caused by cutting a large quantity of timber on the premises.

At the June 1955 Term of Cumberland County Superior Court, by agreement, the case was referred, with right reserved to except as to matters of law. The case was heard by a referee who found for the plaintiffs against all defendants on the first count and against the defendants, Maude H. Varney and Robert D. Varney on the second count.

The defendants filed, in writing, exceptions to the acceptance of the referee's report. This report was accepted by the justice presiding at the February 1956 Term of the Cumberland County Superior Court and exception taken by the defendants to that ruling.

The plaintiffs acquired title to this property from Willard Brown, John Brown and Susan E. Chick, only heirs at law of Mary E. Brown, by quitclaim deed, dated June 17, 1952.

Mary E. Brown's title to these premises is evidenced by a warranty deed, dated April 13, 1925, and duly recorded.

*May* v. *Labbe*, 112 Me. 209, reaffirmed the well-known rule of law that "a warranty deed to one from whom the plaintiff has a quitclaim deed, is sufficient prima facie evidence of title in the plaintiff to authorize a verdict in his favor, unless the defendant proves a better title." That being the rule, the plaintiffs made out a prima facie case which must stand unless the evidence shows the defendants to have the better title.

The defendants attempted to prove that title in this real estate was in Maude Henry Varney by virtue of quitclaim deed from Charles Giles to Maude H. Varney, dated July 21, 1941 and recorded on February 1, 1955.

Giles is alleged to have acquired title by a quitclaim deed from the town of Standish, dated March 2, 1940 and recorded in the Registry of Deeds July 13, 1953. The town of Standish's claim to the title is a tax collector's deed, dated February 16, 1932 and recorded in the Registry of Deeds, October 13, 1936.

It necessarily follows that title in one of the defendants, Maude H. Varney, is based on the tax assessment made on these premises prior to the deed from the tax collector to the selectmen of Standish.

The law as it existed then (Section 79, Chapter 14, Revised Statutes of Maine 1930) required that the tax collector, as part of the sale, "shall, within thirty days after such sale make a return, with a particular statement of his doings in making such sale, to the clerk of his town, who shall record it in the town records;"

The only evidence of a return, as then required by the law, was a statement introduced by the defense, showing sales for nonpayment of taxes, bearing no date and lacking the signature of the tax collector.

We need not concern ourselves with other defects claimed by the plaintiffs in the defendants' title. In *Old Town* v. *Robbins,* 134 Me. at page 287, the court in discussing failure of the tax collector to date and sign his return had this to say,—

"The commands of the section are positive and direct; there is no limitation, no modification, attached to them.

The section recites the form which the collector, in making his return, must, in substance, follow; the form is indicative that, to be complete, the return must be dated, and be signed by the tax collector."

And again on page 288:

"All provisions of the statute, whether they relate to proceedings before, or subsequent to the sale, must be strictly complied with, or the sale will be invalid."

Failure by the tax collector to comply with one of the very essential provisions of the statute rendered the deed from the tax collector to the selectmen null and void, and the defendant, Maude H. Varney, took nothing in the conveyance from Giles to her.

The defense contends that damages found against the defendants, Maude H. Varney and Robert D. Varney are excessive.

There was much conflicting evidence as to the quantity of timber cut on the premises and the amount of damages suffered by the plaintiffs; however, this was essentially a question of fact for the referee to determine and there was sufficient evidence, apparently believed by the referee, to warrant and justify the verdict of $6,125.00.

*Exceptions overruled.*